CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUN 30 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN LAMONT MCKINNON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08-cv-00337 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SGT. COCHRANE, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Plaintiff John Lamont McKinnon, Virginia inmate number 369212, brings this pro se action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff, an inmate at Wallens Ridge State Prison ("WRSP") in Big Stone Gap, Virginia, seeks unspecified monetary damages against certain employees at WRSP and injunctive relief. Upon consideration of the complaint, I find that plaintiff's claims must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Whether a complaint states a claim upon which relief can be granted is determined by the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, a complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proved consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. ___, slip op. at 8 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

recitation of the elements of a cause of action will not do"). Although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff alleges that, on several dates in January 2008, officers at WRSP failed to bring informal complaint forms to him after having told him they would bring the forms. He states that these "actions . . . caused me great stress and psychological pain, because I thought that I wouldn't be able to make my grievances known, and also felt powerless to do anything about it." However, without any apparent meaningful delay, plaintiff was indeed able to file informal complaints and grievances. On February 3, 2008, he filed an informal complaint regarding an alleged "denial of access to the grievance procedure" based on the aforementioned failure of the officers to bring the informal complaint form. On February 5, 2008, he filed a regular grievance regarding the alleged denial of access to the grievance procedure, requesting "[t]he removal of [the two officers] from their official positions[] on the grounds that they both intentionally failed to perform their duties. . . ." The Level I grievance respondent determined that this grievance was founded (but apparently did not discharge the supervisory officers who failed to deliver the informal complaint forms); dissatisfied with this favorable outcome, plaintiff appealed to the Level II respondent, who upheld "the founded decision of the Level I respondent" and stated that "[s]teps are being taken to correct this problem."

Plaintiff's claims of denial of access to the inmate grievance system fail because the Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to

2

comply with the grievance procedures is not actionable under § 1983. Id. Therefore, even if any of WRSP's employees acted to deny plaintiff access to the prison grievance system, such an allegation does not state a claim under § 1983.[2,3]

Regarding plaintiff's request for injunctive relief, a district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283, 286-87 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston, 946 F.2d at 343. Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Given that plaintiff's allegations do not

---

[2] See also Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (failure of a state to meet the requirement of a state-created procedural rule does not rise to the level of a violation of the due process clause).

[3] Moreover, it is clear from the complaint and the documents submitted in support thereof that plaintiff has had access to the inmate grievance procedure.

3

state any constitutional claim, plaintiff has not established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff has not alleged facts indicating that he will suffer immediate and irreparable harm in the absence of interlocutory injunctive relief of some kind. Accordingly, plaintiff's request for injunctive relief does not satisfy the "balance of hardships" test, and must be denied.[4]

For the foregoing reasons, the complaint will be dismissed.[5] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This 30th day of June, 2008.

Senior United States District Judge

---

[4] Insofar as plaintiff's request for injunctive relief could be construed as a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Such an order would be effective only until such time as a hearing on a preliminary injunction could be arranged. As it is clear at this juncture that plaintiff has stated no claim of constitutional significance, and is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

[5] To the extent plaintiff believes the instant complaint may have stated a claim under state law, the court declines, pursuant to 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over any state law claim.

4